MARTHA TWYCROSS *vs.* FITCHBURG RAILROAD COMPANY.

A lessee's covenant " to pay all taxes or duties levied or to be levied " on the premises during the term does not bind him to repay the expenses of paving the sidewalk in front of the premises, required of the lessor by the town under authority of a statute.

ACTION OF CONTRACT to recover the expense of paving the sidewalk in front of land in Charlestown, leased by the plaintiff in 1844 for fifteen years to the defendants, who covenanted in the lease " to pay all taxes and duties levied or to be levied thereon during the said term." In October 1854, the city of Charlestown caused the sidewalk in front of the premises to be paved, pursuant to *St.* 1824, *c.* 16, the plaintiff having neglected to do so ; and the plaintiff paid the expense thereof, and brought this action to recover it, which was submitted to the decision of the court upon the above facts.

*H. D. Austin,* for the plaintiff, cited *Torrey* v. *Wallis,* 3 Cush. 442 ; *In re Mayor &c. of New York,* 11 Johns. ⸗7 ; *Bleecker* v

25 *

*Ballou*, 3 Wend. 263; *Mayor &c. of New York* v. *Cashman*, 10 Johns. 93; *Post* v. *Kearney*, 2 Comst. 394; 1 Story on Const. U. S. § 952.

*M. G. Cobb*, for the defendants, cited *Goddard, petitioner*, 16 Pick. 504; *Torrey* v. *Wallis*, 3 Cush. 442; Declaration of Rights, art. 23; Const. Mass. *c.* 1, § 1, art. 4; Rev. Sts. *cc.* 7, 8; *Kearney* v. *Post*, 1 Sandf. 105, and 2 Comst. 394; *Bolling* v. *Stokes*, 2 Leigh, 178; *Lefevre* v. *Detroit*, 2 Mich. 586; *Southall* v. *Leadbetter*, 3 T. R. 458.

THOMAS, J. The question in this case is, whether the amount paid by the plaintiff and lessor to the city of Charlestown for paving the sidewalk in front of the premises demised is included in " the taxes and duties levied or to be levied," which the defendants, the lessees, stipulated to pay.

This sidewalk was paved by the city under the provisions of the *St.* of 1824, *c.* 16, entitled " an act to regulate the sidewalks in the town of Charlestown." The provisions of this statute throw much light upon the question to be decided. The first section prescribes the mode in which, in all paved streets in Charlestown, the sidewalks shall be constructed. The second section provides that whenever the town shall direct the paving of any public street, every owner of a lot adjoining shall without delay, at his or her own expense, cause the sidewalk in front of his or her land to be paved with brick or flat stone, and supported by hammered edge stone, and kept in repair, under the direction and to the acceptance of the surveyors of highways; and if the owner shall neglect or refuse to pave and support the sidewalk, after the owner or the tenant of the lot or the attorney of the owner shall have been required to do so, the surveyors are required to pave and support or to repair the same, and may recover the expense by an action on the case in their name. There are further provisions that when the selectmen shall be of opinion that the owner of the lot is unable to comply with the requisitions, the selectmen may direct the sidewalk to be made at the expense of the town; and when there are any vacant lots, the surveyors may at their discretion allow the owner to cover the sidewalk with plank and support it with

timber, to be replaced by stone and brick whenever the survey ors shall think it necessary. No lien is created upon the land for the expense of such paving.

These provisions all look to the owner of the land, and to him only. He is the person to construct and to keep in repair. He, under the direction of the surveyors, is to determine of which material, wood or brick or stone, the walk is to be constructed. If the owner is unable, the town is to construct the walk. If he is able, of him the expense is to be collected. The improvement is a permanent one, and the duty of the owner to construct and to repair is permanent. There is no provision for the construction of the sidewalk when the owner is unknown, and for collecting the expense by a lien upon and sale of the land.

In the light of these provisions, and without seeking to deter mine what possible burdens upon the estate may be included under the terms " taxes and duties," we think it quite clear that the expense of constructing the sidewalk was not a tax or duty levied or to be levied upon the premises demised.

It is true this statute was in existence when this lease was made. But it is also true that in looking at its provisions the tenant might see that they would not affect him, because the statute caused no tax or duty to be levied upon the estate.

The expense of paving the sidewalk is not only not within the letter of the contract, but not within the reason and equity of it. It is a permanent improvement of the estate, the benefit of which is to be found in the increased value of the estate and in the increased rent which it would permanently command.

*Plaintiff nonsuit.*